**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin L. Martin, | No. CV-18-03005-PHX-RCC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On March 3, 2021, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation ("R&R") in which she recommended the Court deny Petitioner Justin L. Martin's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Doc. 1).[1] (Doc. 24.) Judge Rateau notified the parties they had fourteen days from the date of the R&R to file objections and an additional fourteen days to file a response. (*Id.* at 10.) Plaintiff filed an objection (Doc. 26), and Defendant a response (Doc. 28). The Court adopts the Magistrate Judge's R&R and dismisses the § 2254 habeas petition.

*I.   Standard of Review: Magistrate's R&R*

The standard of review of a magistrate judge's R&R is dependent upon whether or not a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party

---

[1] Citations refer to the docket and page numbers generated by the Court's CM/ECF system.

objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

II. Martin's Objections

    a. General Objections

First, Martin states he "objects to all adverse rulings in the Report and Recommendation" and generally asserts that his objection stems from the argument contained in his petition. (Doc. 26 at 1.) This is an unacceptable basis for objection, requiring the Court to formulate Petitioner's arguments for him and search throughout various filings to find his previous arguments. Fed. R. Civ. P. 72(b) (objections must be specific); *see Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("Judges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). The Court, therefore, will only address arguments that specifically describe why the Magistrate Judge's conclusions were incorrect.

    b. Ground One

Martin's first specific objection to the Magistrate's R&R claims that the Magistrate did not address Martin's allegations that his counsel failed to: (1) object when the prosecutor "solicited false testimony from Det. Frank Hockstra," who stated Darrel "Thompson[']s story had never changed"; (2) cross-examine Thompson and Det. Hockstra about the inconsistency; (3) object to the prosecutor's closing argument stating testimony had been consistent; and (4) ensure that the inconsistent statements be submitted to the jury. (Doc. 26 at 3–5.) Martin believes that because the false testimony of Thompson was not apparent, this was not a simple issue of credibility as the Magistrate Judge believed, but rather a demonstration of counsel's ineffectiveness. (*Id.*) Martin claims these failures show his counsel was ineffective under *Strickland* standards.

(*Id.* at 7.) Furthermore, Martin argues he suffered prejudice.

To raise a colorable claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, and that petitioner was prejudiced because of counsel's deficient actions. *Strickland v. Washington*, 466 U.S. 668, 686-90, (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Carrera v. Ayers*, 670 F.3d 938, 943 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 689). Moreover, ineffective assistance of counsel claims in a habeas petition are "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* Under this deference, prejudice requires a petitioner demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 104. "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

The Magistrate Judge noted counsel adequately pointed out Thompson's inconsistent statements by "directly cross-examin[ing] Thompson about lying during his initial police interview and Thompson admitted that he had lied about not being involved or having any knowledge of the incidences giving rise to the charges against Martin." (Doc. 24 at 7.) She continued that "Martin's counsel thus made it clear to the jury that Thompson had lied during the investigation and that his initial statements to police did not implicate either Thompson or Martin in the charged crimes." (*Id.*) Because the inconsistency was clear, the Magistrate found that the credibility of the testimony was for a jury to decide. (*Id.* at 8.) So, counsel's representation was not deficient because "counsel effectively represented Martin in relation to the testimony of Thompson . . . ." (*Id.*) Therefore, the denial by the Arizona Court of Appeals was reasonable. (*Id.*)

The Court cannot find the Magistrate Judge's decision was erroneous. Martin is

1 entitled to effective counsel, which requires reasonable representation, not perfection. *See Yarborough v. Gentry*, 540 U.S. 1, 8 (2003); *United States v. Barbour*, 150 F. Supp. 2d 369, 384 (N.D.N.Y. 2001) ("A defendant is not entitled to representation by a modern-day Clarence Darrow - mere competence will suffice.") (citation and quotation marks omitted)). Counsel's ability to draw out the inconsistencies of Thompson's testimony was reasonable, despite Martin's desire to have these inconsistencies presented differently. Because the Court finds counsel was not ineffective, it need not address prejudice.

   c. <u>Ground Two</u>

  Martin then states the Magistrate did not address his argument that counsel failed to object to the false testimony of Darrel Thompson. He chooses to incorporate his prior arguments rather than reassert them in his objection. As stated previously, this is non-specific, circumvents the Court's established page limits for objections, and requires the Court to peruse the docket and locate the arguments Martin to which is referring. *See* Fed. R. Civ. P. 72(b). Moreover, the contention is inaccurate. The Magistrate Judge stated that counsel had cross-examined Thompson and pointed out that his recollections were contradictory, and that "Thompson agreed with counsel that he had 'boldface lied' to him during their pretrial interview." (Doc. 24 at 7.) Although the Magistrate did not specifically state this conclusion was in response to Ground Two, Martin's argument was properly addressed in the R&R when the Magistrate found the Arizona Court of Appeals' determination that counsel's representation was not deficient was neither an unreasonable determination of the facts, nor contrary to federal law. For the same reasons stated previously, the Court agrees.

  Martin asks this Court to acknowledge the prosecutor's errors, including eliciting and repeating false testimony alleging Thompson's statements were consistent. (Doc. 26 at 5.) However, these concessions do not prove Martin received ineffective assistance. Martin's counsel highlighted the inconsistent statement even eliciting Thompson's admission he blatantly lied, which let the jury decide whether Thompson's assertions were credible. This was not ineffective.

- 4 -

### d. Ground Three

Martin's third ineffective assistance of counsel claim alleges counsel should have presented financial information to show Martin did not need to obtain money through crime. (Doc. 26 at 10.) First, Martin claims the Magistrate Judge made an error in the "amount paid to Mr. Martin by Iris Larson"; it was $1,450.00 rather than the stated $600.00 (Doc. 24 at 8.) In addition, counsel should have produced evidence that Martin received public assistance benefits. (Doc. 26 at 10.)

The Magistrate Judge found Martin's allegations were conclusory and Martin "offer[ed] no evidence that his counsel did not consider or conduct such an investigation." (Doc. 24 at 8.) The Judge directly addressed Martins concerns, stating:

> It was certainly within the wide range of reasonableness for Martin's counsel to elect not to present evidence that Martin was on public assistance in an attempt to rebut the State's claim that he needed money. Reasonable jurors could readily conclude that by seeking public assistance, Martin was in fact not earning enough to cover his expenses. The state court's denial of this claim was therefore not unreasonable.

(*Id.* at 8–9.) Regardless of whether Martin's income from Larson was $600.00 or $1,450.00, Martin has not shown how the Magistrate's conclusions are incorrect. With the proper deference given to counsel, there need only be a reasonable argument that counsel exhibited adequate representation. *See Harrington*, 562 U.S. at 105. The Magistrate's conclusion provides a reasonable likelihood the choice not to present financial evidence was trial strategy. The Arizona Court of Appeals denial was not, therefore, in error.

### e. Ground Four

Here Martin claims that trial counsel should have submitted into evidence a receipt that would have placed him ten miles from where the first of six robberies occurred, despite his cell phone placing him in the vicinity. (Doc. 26 at 11.) He states that if this evidence had been presented "it could have painted a different picture for the jury." (*Id.* at 12.) This does not demonstrate prejudice. Martin was not convicted of Counts 1–5, and

any conclusion that one receipt relevant to the first robbery would have prevented his conviction of another is purely speculative. *See Strickland*, 466 U.S. at 694 (ineffective assistance requires showing outcome would have changed absent counsel's deficient conduct).

   *f.*  *Cumulative Error*

Martin argues for the first time in his objection that the cumulative effect of counsel's errors prejudiced him. (Doc. 26 at 14.) In this circuit, a district judge need not conduct a de novo review of arguments never raised before the magistrate judge. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Moreover, because the Court does not find counsel's representation as to his individual claims deficient, the Court cannot determine that as a whole of counsel representation was ineffective.

*III.*  Certificate of Appealability

The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's decision debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS ORDERED Magistrate Judge Jacqueline M. Rateau's Report and Recommendation is ADOPTED. (Doc. 24.) Petitioner Justin L. Martin's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DENIED and this matter is DISMISSED with prejudice (Doc. 1). The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 8th day of April, 2021.

_____
Honorable Raner C. Collins
Senior United States District Judge